CASE 106—INJUNCTION—NOVEMBER 29.

# Exterkamp v. Covington Harbor Co., Etc.

APPEAL FROM KENTON CIRCUIT COURT.

PUBLIC STREETS—DEDICATION—ACCEPTANCE.—In the absence of evidence showing a dedication and acceptance of land for a public street running to the Ohio river the owners of the fee will be entitled to an injunction restraining a person claiming under the city from using the river bank at the point of asserted intersection as a wharf.

J. M. DIAL FOR APPELLANT.

1. The evidence shows the dedication of Ferry street, and an acceptance by the city.
2. A riparian owner can assert title only to the water's edge. Cox v. Arnold, 21 S. W. R., 592;· Cooly v. Golden, 117 Mo., 33; 23 S. W. R., 100; Naylor v. Cox, 114 Mo., 232; 21 S. W. R., 589; Rees v. McDaniel, 115 Mo., 145; 21 S. W. R., 913; St. L., K. & N. W. R. R. Co. v. St. L. Stock Yards Co., 120 Mo., 541; 25 S. W. R., 399; Benson v. Morrow, 61 Mo., 345; Mark v. West Troy, 151 N. Y., 453.

Exterkamp v. Covington Harbor Co., etc.

HARVEY MYERS FOR APPELLEE.

1. There was not a dedication of Ferry street, and
2. If there had been, it would not have carried with it the easement of wharfage upon the river front. Mack v. Village of Troy, 151 N. Y., 458; Elizabethown & Paducah R. R. Co. v. Thompson, 79 Ky., 52; Jones on Easements, sec. 485; *ex parte* Easton, 5 Otto 68-78 (U. S. Sup. Ct.); Angel on Water Courses, sec. 551, 553 and notes; Thurman, &c. v. Morrison, 14 B. M., 376; Berry v. Snyder, 3 Bush, 266; City of Columbus v. Grey, 2 Bush, 476; Kent's Com. (12 ed.), 427; Gould on Waters, sec. 148, 150; Stevenson v. Mayor and Aldermen of Chattanooga, 20 Fed. Rep., 586; High on Injunctions; Hahn & Harris v. Thornberry, 7 Bush, 403; Williamsburg Boom Co. v. Smith, 84 Ky. 372.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was instituted by the Covington Harbor Company and W. S. and A. S. Ludlow to enjoin appellant from mooring his barge to their property. The petition alleges that the harbor company, as lessee of W. S. and A. S. Ludlow, the owners thereof, is in possession of a strip of land in the city of Covington fronting on the Ohio river, about one thousand feet, which it is using as a harbor for the holding, wharfing, and care of coal boats and other water craft for hire; that the defendant had, without authority, anchored his barge to their property, by entering upon and making fast ropes, lines and cables thereto; that, by reason thereof, they were deprived of that portion of their land occupied by his barge; and that the location thereof interfered with the operation of their business in putting in and taking out barges committed to their custody. The defendant, by way of answer, denies the title of the Ludlows to the property along which his boat is moored, and alleges that it is the north end of Ferry street which belongs to the city of Covington, and that he is in possession thereof by authority and consent of the city.

Upon the trial, the chancellor decided that Ferry street had been dedicated to the public from Second street to the Ohio river, but that the owners of the land over which the street ran parted with no right to the land included within the boundary of the street, except the right to the public to use it as a highway to the edge of the river, and that the wharf and the right to its use remained in the owners of the soil; and adjudged that the defendant be perpetually enjoined and restrained from mooring his float in the Ohio river at the foot of the alleged street; and from that judgment both parties appeal.

Two questions are presented for our determination: First, was there ever a dedication by the Ludlows of what is called "Ferry Street?" And, second, if there was such dedication to the public, does that dedication carry with it the easement of wharfage on the river front?

Upon the first question the testimony shows that Israel Ludlow, the ancestor of the present appellees, many years ago owned a tract of land which embraced the land in question, which he afterwards laid out into streets and lots, and which has become a part of the city of Covington; that Second street was laid off so as to run parallel with the river, very close to the top of the river bank, and that part of the farm lying between Second street and the river was not subdivided, but remained altogether an open common; that, for more than thirty years before the institution of this suit, Israel Ludlow and his heirs and devisees have maintained a coal harbor and wharf along the river front binding upon this property, which extends across the alleged Ferry street, and which they have leased during that period to different persons. No question is made as to their title to any part of the property, except the land in front of the alleged street, which is

claimed to be the property of the city by reason of the dedication.

The main proof on which appellant relies to support his claim of dedication is that in a lease made by appellees W. S. and A. S. Ludlow of a part of this property, on March 15, 1872, it was described as "bounded by Second street, Bullock street, and a *proposed* street, known as Ferry street;" and the testimony of the chief engineer of the city of Covington, who says that "he thinks Ferry street was dedicated to public use, because it is laid down in a map of the Ludlow subdivision of the city of Covington, which was made by him from the original plot of this subdivision;" but upon cross-examination he says that "he did not know who made the original map, nor where it was recorded; that his copy was made about twenty-five years ago; that he could not state positively that the copy made by him was taken from the original plot, but that he was positive that he had *copied it from some other map.*" He also testifies that this ground has never been used as a street; that it had never been graded, curbed, or metaled, but that the city council had laid a two-foot trough along the center of the alleged street, about one hundred feet from Second street, and had built a stone wall about fifteen feet high and about thirty feet long, which extended partially across the alleged street, as a retaining wall for the water trough. On the other hand, W. S. Ludlow testifies that he is familiar with all the maps of the Ludlow subdivision; that the original plot of that subdivision was made by his father, "and is recorded in Alexandria;" and that neither the original nor any authoritative copy thereof shows any street in the place where it is claimed Ferry street now is. It is evident from all the testimony in the case that no street has ever

been built at this point, and that there has been nothing done by the city thereon except to build across the "street," without objection from the proprietors of the land, a stone wall, used as a supporting wall for a trough or drain, to carry off surplus water which collects there from Second street. This is the only evidence of acceptance of this street by the city. It is not graded, paved, or macadamized, has never been used as a public highway, and no lots have ever been sold on either side of the street to private individuals; and it appears that the retaining wall is about fifteen feet high, extends only partially across the alleged street, and that on the south side of this wall the ground is nearly level with the top of it, whilst on the north side there is an abrupt descent of about fifteen feet. This wall cannot be considered as any use of the alleged street as a public highway, as, if the city were to attempt to grade it, the wall would have to be torn down, because it would be only an obstruction; and the lease which is referred to and relied on does not mention Ferry street as actually in existence, but only as a "proposed" street. It is evident from this language that the owners of this property reserved this plat of land with the idea that it might at some time be opened in connection with a ferry which they might desire to establish, but which has never been done. The mere fact that the city engineer laid off this street in a plat of the city is not sufficient evidence to support the alleged dedication, and, in our opinion, there has been neither a dedication of this property as a street by the owners thereof, nor an acceptance of it as such by the city.

In view of the conclusion reached by us on the question of dedication, it is unnecessary to enter into any elaborate discussion of the other question presented. It is suffi-

cient to say that the conclusion reached by the chancellor
on that question is in accord with former adjudications
of this court.    See Berry v. Snyder, 3 Bush, 266, [96 Am.
Dec., 219], and Williamsburg Boom Co. v. Smith, 83 Ky.,
373 [1 S. W., 765.]    For the reasons indicated, the judg-
ment appealed from is affirmed upon the original appeal
of George Exterkamp, and reversed upon the cross appeal
of the Ludlows; and the cause is remanded, with instruc-
tions to perpetuate the injunction.